Glynn Edward SCOTT, Petitioner—
Appellant,

v.

George A. GRIGAS, Respondent—
Appellee.

No. 00–15392.

D.C. No. CV–97–00213–ECR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 2002.

Decided Nov. 19, 2002.

Rehearing Denied Dec. 5, 2002.

Before SCHROEDER, Chief Judge,
D.W. NELSON and REINHARDT,
Circuit Judges.

MEMORANDUM *

Glynn Scott appeals the district court's
denial of his petition for writ of habeas
corpus. We reverse and remand for an
evidentiary hearing.**

The standard of review set forth in the
Anti–Terrorism and Effective Death Pen-
alty Act ("AEDPA") is satisfied from the
outset because the Nevada state courts'
determination of whether a serious conflict
existed between Scott and Blaskey was
based entirely on an "unreasonable deter-
mination of the facts." 28 U.S.C.
§ 2254(d)(2). The Nevada courts conclud-
ed that no "irreconcilable conflict" existed

between Scott and Blaskey because Scott
was allegedly ready to withdraw his mo-
tion for substitution of counsel at the time
the trial judge ruled on it. The district
court correctly recognized that this inter-
pretation of the facts was simply unreason-
able because Scott had no intention of
withdrawing his motion at that time.

With the state courts' conclusion and
AEDPA's mandated deference thus placed
properly aside, the principal issue before
us is whether the conflict between Scott
and Blaskey had become so great that it
resulted in a constructive denial of Scott's
Sixth Amendment rights. Our analysis is
controlled by our recent decision in *Schell
v. Witek*, 218 F.3d 1017 (9th Cir.2000) (en
banc). We explained in *Schell* that:

> [T]he ultimate constitutional question
> the federal courts must answer ... is
> not whether the state trial court 'abused
> its discretion' in not deciding Schell's
> motion, but whether this error actually
> violated Schell's constitutional rights in
> that the conflict between Schell and his
> attorney had become so great that it
> resulted in a total lack of communication
> or other significant impediment that re-
> sulted in turn in an attorney-client rela-
> tionship that fell short of that required
> by the Sixth Amendment.

*Id.* at 1026. We also noted that a habeas
petitioner who satisfies his or her burden
and shows a serious conflict that resulted
in a constructive denial of counsel need not
make any further showing of prejudice.
*Id.*

Under *Schell*, Scott must establish that
an actual conflict existed between him and
Blaskey, and that this conflict was suffi-
ciently disruptive to amount to a con-

---

* This disposition is not appropriate for publica-
   tion and may not be cited to or by the courts
   of this circuit except as provided by Ninth
   Circuit Rule 36–3.

** The state court did hold a postconviction
   evidentiary hearing in this case. Despite
   Scott's diligent efforts, however, it limited

structive denial of his constitutional rights under the Sixth Amendment. If the relationship between an attorney and client deteriorates so badly that it results either in a total lack of communication or a state of irreconcilable conflict, this may amount to a constructive denial of the defendant's constitutional rights under the Sixth Amendment depending upon the seriousness of the conflict. *See Schell,* 218 F.3d at 1025.

After a careful review of the record in this case, however, we conclude that there are insufficient facts before us to weigh this issue properly. Scott's allegations, if true, may entitle him to relief. No state court or federal district court has ever held an evidentiary hearing in order to determine (1) the nature and extent of the conflict between Scott and Blaskey and (2) whether that conflict deprived Scott of the representation to which he is entitled under the Sixth Amendment. *See Schell,* 218 F.3d at 1027. Accordingly, we remand this issue to the district court for an evidentiary hearing and further proceedings consistent with this order.

REVERSED and REMANDED.

---

him to exploring three ineffectiveness claims, none of which related to whether there was a constructive denial of counsel and, if so, whether the constructive denial caused Scott to decide not to testify.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).